# STATE SUPREME COURT
## NEW CASES, PROCEEDINGS AND DECISIONS

## Weekly Abstract of PENDING CASES

EXPLANATION. The following statements, synopsizing cases recently docketed in the Supreme Court, were prepared by our editors, from the recitals, arguments, etc., appearing in the Motion to Certify, Briefs and other papers filed therewith.

It should be borne in mind that the Pending cases are, as yet, undecided, and the results merely problematical. They are published in the Abstract, premonitorially, to acquaint the Bar with the issues in them, and to confront the lawyers with knowledge that, as an authority, they, and former decision in the case, will be unsettled, until a final decision is made.

Consult the weekly Concordance closely, to ascertain the dispositions finally made of the cases by the higher courts.

For meaning of Abreviations, See Ternary Digest, page XII.

### No. 928

### DAYTON RUBBER CO. v. BROWN

No. 20043.　Supreme Court

On motion to certify.　Dock. Aug. 4, 1926; 4 Abs. 541.

297. CONTRACTS—Can corporation terminate written contract of employment upon ground that to retain such employee would wreck the corporation financially?

Dayton Rubber Co. contends in the Supreme Court that it can terminate a written contract of employment before its termination, upon the ground that to retain such employee would wreck the entire financial structure of the corporation.

Attorneys—Burkhart, Heald & Pickrel for for Company; Nolan & Beigel for Brown; all of Dayton.

### No. 929

### ROMANOSKI v. HOFF

No. 20045.　Supreme Court

On motion to certify.　Dock. Aug. 4, 1926; 4 Abs. 541.

829. NEGLIGENCE—When child darts out in front of automobile without warning, and driver of same is driving carefully, can action be had for recovery for injury to child?

The question concerns the matter of whether one can recover when a person is driving an automobile, as an ordinarily prudent person would, and a child darts out in front of automobile without warning.

Attorneys—F. S. Day for Romanoski; Dustin, McKeehan, Merrick, Arter & Stewart, for Hoff; all of Cleveland.

### No. 930

### MOTOR FINANCE CO. v. HUNTSBERGER

No. 20044.　Supreme Court

On motion to certify.　Dock. Aug. 4, 1926; 4 Abs. 541.

147. BILLS & NOTES—Can auto finance company recover upon notes purchased before maturity, when seller of automobile does not deliver specified model, but another which buyer accepts for temporary use only?

The Automobile Finance Company contends in the Supreme Court that it may recover upon notes purchased before maturity, given in payment of specified model of automobile to be delivered in future, even though specified model was not delivered and another model was, which purchaser accepted but contends was for temporary use only.

Attorneys—Amerman & Mills, Canton, for Company.

### No. 931

### FIDELITY & DEPOSIT CO. v. SWINEHART RUBBER CO.

No. 20033.　Supreme Court

On motion to certify.　Dock. July 31, 1926; 4 Abs. 525.

167. BONDS (Surety)—Is surety co-liable upon a bond issued to one listed as "stock clerk" when said person rents his own warehouse to employee with instructions to sell all he can?

The Fidelity Co. contends in the Supreme Court that it should not be liable upon a bond issued to cover an employee listed as "stock clerk" when said clerk in truth was renting his warehouse to employer with instructions to sell as much as possible.

Attorneys—Naef & McIntosh for Deposit Co.; Nelan E. Walsh for Company; all of Akron.